```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SHENG-WEN CHENG,                                                 :
                                                                 :
                                      Plaintiff,                 :
                                                                 :
                        -v -                                     :
                                                                 :
JEREMY MAUTZ,                                                    :
                                                                 :
                                      Defendant.                 :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/2023

1:23-cv-2151-GHW

<u>TRANSFER ORDER</u>

GREGORY H. WOODS, United States District Judge:

    Plaintiff Sheng-Wen Cheng, who is currently incarcerated in FCI Sandstone in Sandstone, Minnesota, brings this *pro se* action under the Court's diversity of citizenship jurisdiction, asserting state law claims against Defendant Jeremy Mautz, a resident of Tacoma, Washington. On March 29, 2023, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 6. For the following reasons, this action is transferred to the United States District Court for the Western District of Washington.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject

to personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings claims arising from a business transaction with Defendant.  Plaintiff alleges that the negotiations giving rise to his claim occurred when he met with Defendant "in New York," and by telephone.  Compl. ¶ 3.  Plaintiff, however, does not state where in New York these negotiations occurred.  Specifically, he does not allege that they took place in this judicial District.[1]  Based on Plaintiff's allegations, it is unclear whether venue is proper in this District under § 1391(b)(2).

Plaintiff alleges that Defendant resides in Tacoma, Pierce County, Washington, which falls within the Western District of Washington.  *See* Compl. ¶ 14; 28 U.S.C. § 128(b).  Venue for Plaintiff's claims is therefore proper in the Western District of Washington under § 1391(b)(1).

Even if the Court did assume that the events giving rise to Plaintiff's claims occurred in this District and that venue is proper here under § 1391(b)(2), because Defendant resides in Tacoma, Washington, venue is also proper under Section 1391(b)(1) in the Western District of Washington.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  In determining whether transfer is appropriate, courts consider the following ten factors:  (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum;

---

[1] This judicial District, the Southern District of New York, includes the following New York State counties:  New York (Borough of Manhattan), Bronx, Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

(9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458–60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Defendant resides in Tacoma, Washington, and therefore Tacoma would be a more convenient forum for Defendant. Moreover, while Plaintiff alleges that he retains his domicile in New York despite being incarcerated in Minnesota, it is unlikely that he will return to New York because he was ordered removed from the United States immediately following completion of his prison term. *See* Order of Judicial Removal, *United States v. Cheng*, No. 1:21-CR-0261 (S.D.N.Y. Aug. 24, 2021), Dkt. No. 34. In any event, neither district would be more inconvenient to Plaintiff because he is incarcerated.

The Western District of Washington appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Washington. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." (citation omitted)).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Washington. A summons shall not issue from this Court. This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 3, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge