UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHENG-WEN CHENG,<br><br>           Plaintiff,<br>   v.<br><br>JEREMY MAUTZ,<br><br>           Defendant. | CASE NO. 3:23-cv-05324-TL<br><br>ORDER ON SERVICE OF PROCESS |

This matter is before the Court on its own motion. This civil case was initiated by Plaintiff Sheng-Wen Cheng in the U. S. District Court for the Southern District of New York, but the case was transferred to this Court on venue grounds because Plaintiff is currently incarcerated in a federal prison in Minnesota and the named Defendant is believed to be a resident of Tacoma, Washington. *See* Dkt. No. 8. Before the case was transferred, Plaintiff was granted *in forma pauperis* status as a federal prisoner pursuant to 28 U.S.C. § 1915(b)(1). Dkt. No. 6.

1       On April 27, 2023, the Court entered an order on its own motion regarding the
2  requirements for initiating a civil action in this district. Dkt. No. 14. The Court directed the Clerk
3  to send Plaintiff service forms, including properly formatted summonses, to be completed and
4  returned to the Court for issuance. *Id.* at 2. The Court cautioned Plaintiff that "[t]he service forms
5  must be completely and accurately filled out." *Id.* The Court further directed the Clerk, upon
6  receipt of the completed service forms, to "send the following to each named defendant for
7  whom there is a completed service form by first class mail: (i) a copy of the complaint and of
8  this Order, (ii) two copies of the Notice of Lawsuit and Request for Waiver of Service of
9  Summons, (iii) a Waiver of Service of Summons, and (iv) a return envelope, postage prepaid,
10 addressed to the Clerk's Office [(collectively, "Summons Package")]." *Id.* Plaintiff returned the
11 required forms. Dkt. No. 18. The Summons Package was issued on May 23, 2023, and the Clerk
12 mailed the documents as ordered. Dkt. No. 19. On July 3, the documents mailed to Defendant by
13 the Clerk were returned to the Court as undeliverable at the address provided by Plaintiff. Dkt.
14 No. 21.

15      Plaintiff bears the burden of providing Defendant with actual notice of the legal action,
16 typically accomplished through service of process pursuant to the Federal Rules of Civil
17 Procedure, in order to initiate a lawsuit in federal court. Fed. R. Civ. P. 4. The Court may order
18 service of process on behalf of a Plaintiff proceeding *in forma pauperis* under certain conditions.
19 *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915. However, it is a plaintiff's responsibility to
20 provide an accurate name and address for each defendant to be served. *See generally Walker v.*
21 *Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994) (prisoner failed to show cause why prison official
22 should not be dismissed under Rule 4(m) because prisoner did not prove that he provided
23 Marshal with sufficient information to serve official), *overruled on other grounds by Sandin v.*
24 *Conner*, 515 U.S. 472, 483–84 (1995); *see also Fields v. Oklahoma State Penitentiary*, 511 F.3d

1109 (10th Cir. 2007) (reasoning that "[i]t is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served. . . ; the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address"). Here, it appears that Plaintiff has failed to provide the Court with sufficient information regarding the named Defendant for the Court to successfully effectuate service of process.

The Court recognizes that Plaintiff is proceeding pro se and may be somewhat hindered by his incarceration at an out-of-state correctional facility. For this reason, the Court finds good cause to reset Plaintiff's service deadline and to grant Plaintiff an additional 90 days to accomplish service. The Court will also allow Plaintiff to provide any additional information he may have regarding the Defendant to assist the Court in accomplishing service of process on his behalf.

The Court cautions Plaintiff to make every effort to provide sufficient information to allow the U.S. Marshal Service to locate a viable address where Defendant can be served. If the Marshals attempts to serve Defendant based on the additional information provided by Plaintiff but are nonetheless unable to complete service by the extended service deadline, and the Court is satisfied that the Marshals have fulfilled their obligations under the rules, then the Court would have the discretion to dismiss this action against the Defendant under Rule 4(m).

The Court therefore ORDERS the following:

1. Plaintiff's service deadline shall be reset to **October 9, 2023**.
2. If Plaintiff would like the Court to attempt to serve Defendant on his behalf again, then within **twenty-one (21) days** of the date of this order Plaintiff must provide any additional information or documentation available to him that may assist the Court in identifying and locating the Defendant to accomplish service of process. Failure to respond to this Order may result in the dismissal of Plaintiff's case.

3. If Plaintiff responds to this order within the 21-day deadline and provides sufficient additional information to warrant further attempt to serve process on Defendant, the Court will order service by the U.S. Marshal Service pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915.

Dated this 11th day of July 2023.

*Tana Lin*
Tana Lin
United States District Judge