UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHENG-WEN CHENG,<br><br>        Plaintiff,<br><br>   v.<br><br>JEREMY MAULTZ,<br><br>        Defendant. | Case No. 3:23-cv-05324-TMC<br><br>ORDER REGARDING SERVICE OF NOTICE OF SUGGESTION OF DEATH |

This matter comes before the Court on pro se Plaintiff Sheng-Wen Cheng's motion for service of a notice of suggestion of the death of Defendant Jeremy Maultz (Dkt. 43). Mr. Cheng moves for the Court to order service by the United States Marshals on his behalf due to his incarcerated, pro se, in forma pauperis status. *See* Dkt. 43.

On October 19, 2023, the U.S. Marshals received notice, including a death certificate, that Maultz was deceased while attempting service of the complaint on behalf of Mr. Cheng (Dkt. 32). Federal Rule of Civil Procedure 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Mr. Cheng's contract and other claims against Maultz, *see* Dkt. 15, are not extinguished. *See Smith v. Pierce County*, 218 F. Supp. 3d 1220, 1225 (W.D. Wash. 2016) ("Under Washington's general survival statute, '[a]ll causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter.'" (citing RCW 4.20.046)). And Mr. Cheng wishes to substitute Raymond Alan Mautz, alleged to be the personal representative of the estate of Defendant Jeremy Maultz, as the defendant in this case. *See* Dkt. 40. Mr. Cheng has also sought leave to amend his complaint to incorporate additional facts and allegations against additional defendants. *See* Dkt. 42.

The Ninth Circuit has held that before substitution of a deceased party, Rule 25 requires: (1) a party to formally suggest the death of the deceased party upon the record and (2) the suggesting party must serve other parties and nonparty successors or representatives of the deceased. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Nonparty successors or representatives "must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id*. Mr. Cheng has suggested the death of the party onto the record and moves for service of the alleged nonparty successor, Raymond Alan Mautz. Dkt. 43.

Accordingly, the Court DIRECTS the Clerk's office to provide copies of this order, Mr. Cheng's motion to substitute (Dkt. 40), his motion for leave to file second amended complaint (Dkt. 42), his proposed amended complaint (Dkt. 42-1), and the notice of suggestion of death (Dkt. 43) to the U.S. Marshals for service on Raymond Alan Mautz in compliance with Federal Rule of Civil Procedure 4, with the contact information provided by Mr. Cheng on the form USM-285 at Dkt. 43-2. The Clerk is additionally directed to re-note Mr. Cheng's motion to substitute (Dkt. 40) and motion for leave to file second amended complaint (Dkt. 42) to June 3, 2024, to allow time for service and for Raymond Alan Mautz (or any successors or

representatives of Defendant Jeremy Maultz subsequently properly informed) to appear in this action if they so desire.

     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

     Dated this 2nd day of April, 2024.

                                  Tiffany M. Cartwright
                                  United States District Judge